Ingraham, J.
The statute under which this application is made provides that where an application to sell strong and spirituous liquors, ale, wine or beer, to be dratik on the premises, shall be denied and license refused, it shall and may be lawful for such person to apply to any court of record, or to a judge thereof, for a writ of mandamus to review the action of such Excise Commissioners or Board of Excise, and such board in its return to said writ shall include all evidence and all papers on which the action was based. If the court or judge by whom the writ of mandamus shall be issued, in pursuance of the provisions of this Act, shall determine upon the hearing of said mandamus, that the application made the basis for said writ of review has been arbitrarily rejected, or been rejected without good or valid reasons therefor, the said court or judge may by an order direct the Excise Commissioners or Board of Excise to grant said license.
The process to be issued in the first instance is called by the Act a “ writ of mandamus to review.” This provision would appear to extend the office of a writ of mandamus, as heretofore, when it was sought to review the determination of a public body or officer the writ of certiorari was the proper remedy; but it was evidently the intention of the legislature to allow a person whose application for a license had been refused, to review the action of the commissioners, and it -would appear that the proper practice under this Act would be to issue an alternative writ of mandamus in the first instance, to which the Commissioners of Excise could make the return provided by the act, and on that re *185 turn the right to the relief demanded could be determined.
The practice prescribed by article 4 of title 2 of chap. 16, §§ 2067 to 2090, of the Code of Civil Procedure, would apply to proceedings on such writ.
As, however, the parties to this proceeding have treated the order to show cause as an alternative writ, and the Board of Excise having returned in answer to the order to show cause, the evidence and papers on which their action was based, I will determine the question as if such an alternative writ had been granted, and the return of the respondents made thereto.
It appears by the return and is not denied by the relator, that certain persons objected to the respondents granting a license to the relator,' and that upon the application and such objections, the respondents had a public hearing, at which the objectors and the relator appeared by counsel, and the evidence of the parties was taken, and after such hearing the respondents refused the license on the ground that from the evidence, it appeared that public concerts consisting of music upon a piano and violin had been given upon a stage or platform upon said premises, and that the granting of such license would have been a violation of their duty.
The relator not having denied the facts set up in the affidavit, but having proceeded to argue the application thereon, it is equivalent to an admission of the truth of the facts alleged in the affidavit, but a denial of their sufficiency in law to prevent the issuing of the writ (People v. Supervisors, &c., 73 N. Y. 175).
The return of the respondents being taken as true, does it appear that the license was arbitrarily rejected, or rejected without good or valid reasons therefor?
By section 1, chapter 340, Laws of 1883, as amended by chapter 496, Laws of 1886, p. 727, it is provided that the Board of Commissioners of Excise “ shall, if all other requirements of law have been complied with, have power to g -ant licenses to sell strong or spirituous *186 liquors,.....provided that no such license shall be granted unless the said commissioners shall be satisfied upon examination that the applicant therefor is a person of good moral character, and the license may properly be granted for such sale in the place proposed.”
By section 2010 of the Consolidation Act, (chapter 410, Laws 1882, p. 485), it is provided that “ it shall not be lawful to sell or furnish any wine, beer or strong or spirituous liquors to any person in the auditorium or lobbies of any place of exhibition or performance mentioned in section 1998, or in any apartment connected therewith.”
Section 1998 of the Act has been construed to include “all classes of public exhibitions such as are usually conducted upon a stage for the observation or amusement of the public ” (Mayor v. Eden Musee Co. 102 N. Y. 596), and Mr. Justice Van Brunt in the case of People ex rel. Hanlon v. Board of Excise Commissioners, held that every kind of entertainment of a public character where music is employed as the whole or part of the means of amusement, comes within the statute as being an exhibition of minstrelsy.
It is clear that if the relator maintained at the place proposed for sale of liquors under the license applied for, a place of exhibition or performance mentioned in section 1998 of the Consolidation Act, a license should not be granted for such sale in such place, and it was the duty of the respondents to refuse a license therefor ; and the respondents having found as a fact that the relator does, at the place named in his application for a license, maintain a place of exhibition or performance mentioned in said section, if from the evidence taken before the respondents it appears that there was evidence to sustain such finding, the application cannot be said to have been arbitrarily or without good or valid reasons rejected.
It is settled that on the review of the proceeding of a subordinate tribunal the court will only examine the *187 evidence for the purpose of seeing whether such tribunal kept within its jurisdiction, to ascertain whether there was any legal proof of facts authorizing the adjudication, and whether any rule of law affecting the right of the relator has been violated. If the tribunal had jurisdiction, there was evidence legitimately tending to support its decision, and no rule of law was violated, the adjudication was final (People v. Board of Fire Commissioners, 82 N. Y. 361; People v. Board of Police Commissioners, 93 Ib. 101).
It is clear that the respondents were a subordinate tribunal within the meaning of this rule. By the statute the respondents were to be satisfied “ upon examination that the applicant is a person of good moral character and that the license may properly be granted for such sale in the place proposed.”
The respondents cannot grant the license unless they are so satisfied, and if, from the evidence and the papers upon which their action is based, it appears they rejected the application for the license because the sale of liquor would be unlawful at the place proposed, and there is evidence of facts legitimately tending to support its decision, the court in reviewing their decision, cannot interfere.
I have examined the testimony taken before respondents, and think there was sufficient evidence to sustain their determination. It appears that there was a performance on a platform at relator’s place every night, Sundays included, consisting of music played upon a piano and violin; that relator told a witness some of the performers were hired by him; and that he said to another witness “ that he would like to stop the music, as it would save him the expenses thereof, but that he found that as soon as he stopped his music people left his saloon instantly, and he could not make a living if he discarded his music. And there was a circular distributed by the relator which stated that his guests would be entertained by “the most agreeable music, *188 discoursed by a select orchestra,” and “ evening concerts from eight to twelve.”
With this evidence before the respondents, it cannot be said that their finding was unsupported by the evidence.
Motion must therefore be denied.