CHARLES BILORDEAUX, Appellant. *against* H. BENCKE LITHOGRAPHIC COMPANY, Respondent.

(Decided April 7th, 1890.)

A contract to render instructions to another in certain secrets of the art of photography, the instructions to be given on Sunday, is in violation of the prohibition of the Penal Code, as amended by Laws 1883, chapter 358, against labor on Sunday, excepting works of necessity or charity; and no recovery can be had thereon.

APPEAL from a judgment of the District Court in the City of New York for the Third Judicial District.

The facts are stated in the opinion.

*Paul Wilcox,* for appellant.

*Philip W. Holmes,* for respondent.

BISCHOFF, J.—Plaintiff, a photographer, agreed to instruct defendant in certain secrets of the art of photography, for which defendant promised to pay him the sum of one hundred dollars. It was part of the agreement that the instructions should be given on Sunday. After part performance on plaintiff's part, defendant refused to proceed, and plaintiff thereupon brought suit to recover the sum of fifty dollars, the unpaid portion of the compensation agreed upon.

Bilordeaux *v.* Bencke Lithographic Co.

The defense was that the contract was illegal, being in violation of the statute prohibiting work excepting for charity or necessity on Sunday, and judgment was rendered for defendant, from which an appeal has been taken.

The facts were admitted upon the trial, and the trial justice does not appear to have erred in his application of the law. Upon the argument of this appeal, counsel for appellant contended that the services to be rendered by the appellant could not be deemed to have been of a " servile " nature, and were not therefore within the statutory prohibition, and in support of his views he cites a number of decisions of the courts of this state defining the meaning of the word " servile " as used in the statute. Counsel for both parties appear, however, to have overlooked an important amendment of the Penal Code of this State. Chapter 358 of the Laws of 1883 amends section 263 of the Penal Code by omitting the word " servile," and providing that " all labor on Sunday is prohibited, excepting the works of necessity or charity." The authorities cited by counsel for appellant are therefore no longer applicable, and the services agreed to have been performed by appellant cannot be said to have been required in a work " of necessity or charity." Neither is there anything in the statement of the facts agreed upon for the purposes of the trial from which an inference of the " necessity " of the services of the appellant on Sunday could be drawn. The contract being in violation of an express statute was therefore illegal and void, and neither party thereto can have redress against the other for a breach (*Pennington* v. *Townsend*, 7 Wend. 276).

The judgment appealed from must be affirmed, with costs.

LARREMORE, Ch. J., concurred.

Judgment affirmed, with costs.