(51 App. Div. 565.)

PEOPLE v. CAMPBELL.

(Supreme Court, Appellate Division, First Department. May 25, 1900.)

THEATERS AND SHOWS—LICENSE.

The proprietor of a saloon, having no concert license, does not violate New York City Charter, § 1472, prohibiting the exhibition without license of any interlude, minstrelsy, or any other entertainment of the stage, by having a person perform on a piano as an incident to his business, where no admission fee is charged, and where in fact there is no exhibition.

Appeal from court of special sessions, New York county.

Frank J. Campbell was convicted of a misdemeanor for violating New York City Charter, §§ 1472, 1483, and he appeals. Reversed.

Argued before PATTERSON, P. J., and HATCH, RUMSEY, Mc-LAUGHLIN, and INGRAHAM, JJ.

P. A. Hargous, for appellant.

Charles E. Le Barbier, for the People.

INGRAHAM, J. To sustain this conviction, it must appear that the defendant violated section 1472 of the charter of the city of New York, which provides:

"It shall not be lawful to exhibit to the public in any building, garden or grounds, concert room or other place or room within the city of New York, any interlude, tragedy, comedy, opera, ballet, play, farce, minstrelsy, or dancing, or any other entertainment of the stage, or any part or parts therein, * * * until a license for the place of such exhibition for such purpose shall have been first had and obtained, as hereinafter provided."

It appears that the defendant was the proprietor of a liquor saloon, and had paid the tax which authorized him to sell liquor, but had no consert license. The premises upon which this business was carried on consisted of a large room, in which there had been constructed a stage, with smaller rooms adjoining. The room was carpeted, and furnished with tables, at which his customers were served. There is no evidence that any performance had ever been given upon the stage, or that the stage was at all in use; the place being conducted simply as a saloon. On a balcony about 100 feet from the stage, but which was not visible from the floor, there was a piano, upon which a musician was performing. No admission fee was charged, and no performance was given, except that during the evening pieces of music were performed upon this piano. The police officer who made the arrest testified that he went into the premises, sat down at a table, and bought a glass of beer; that the premises consisted of one large room, with a bar in the corner leading into the street; that he heard music being played in the balcony; that he went upstairs, and there found two men playing the piano. Thus the only evidence to show that this section of the charter was violated was that during the time that the witness purchased a glass of beer there was music upon the premises. The question is whether this was an exhibition, interlude, minstrelsy, or any other entertainment of the stage. I think it clear that it was not. In the case of Mayor, etc., of New York City v. Eden Musee Amer. Co., 102 N. Y. 596, 8 N. E. 41, the court of appeals, in construing a section of the consolidation act which was substantially like the section of the charter in question, said: "Taking the statute in all its terms, it evidently meant to include all classes of public exhibitions such as are usually conducted upon a stage for the observation and amusement of the public." It seems that the performance upon this piano was not an exhibition, within the meaning of this definition, which evidently related to the classes of public exhibitions usually conducted or produced upon a stage, at which the public attend for the purpose of seeing the exhibition, and not to a case where music is performed

as a mere incident to any business, where no admission fee is charged, and where in fact there is no exhibition. Taking, for instance, the case of a hotel or any other business where incidentally music is performed to attract customers or entertain them while upon the premises, it would seem to be quite clear that that was not an exhibition of minstrelsy or other entertainment of the stage. While it may in some cases be somewhat difficult to define precisely what is an entertainment of the stage, within the meaning of this section of the charter, I do not think that the fact that during the transaction of business a proprietor of an establishment has a person to play upon the piano as an incident to his business constitutes a violation of the statute.

It follows that the conviction must be reversed, and, as the defendant was guilty of no offense, he should be discharged. All concur.