(34 Misc. Rep. 698.)

### In re ALLEN.

(Supreme Court, Special Term, New York County. May, 1901.)

DANCING ON SUNDAY.
    Pen. Code, § 277, prohibits any theatrical or other performance on Sunday. *Held*, that dancing on Sunday, to the accompaniment of a piano and two violins, not for the purposes of an exhibition, but for enjoyment, is not a violation of such statute by the occupant of the place where the dancing is done.

Application by George Allen for a writ of habeas corpus. Granted.

C. C. Levenson, for relator.

John L. Gordon, Asst. Dist. Atty., for respondent.

ANDREWS, J. This is a habeas corpus to inquire into the cause of the detention of the relator, George Allen. The return to the writ issued in this case is a commitment by a city magistrate which

recites that the relator has been held to answer to the court of special sessions, in this city, upon a charge of violating section 277 of the Penal Code, in that he permitted dancing and did dance on Sunday, April 22, 1901, at premises known as No. 162 East Fifty-Fifth street, city of New York, borough of Manhattan, such dancing consisting of waltzes and two-steps, not as an exhibition, on the complaint on oath of Henry W. Krushaw. To this return the relator (1) demurs upon the ground that the commitment is insufficient upon its face; and, (2) as authorized by section 2039 of the Code, submits the affidavit of Henry W. Krushaw, upon which the warrant was issued for the arrest of the relator, and also an affidavit made by him, which complaint and affidavit, as is claimed, show that the relator's imprisonment is unlawful, and that he is entitled to his discharge. The said complaint set forth that the relator, on the 21st day of April, 1901, committed a violation of section 277 of the Penal Code, at the premises known as No. 162 East Fifty-Fifth street, in the city of New York, by (1) dancing on Sunday; (2) conducting a dance and dancing; (3) aiding in a dance and dancing; (4) abetting a dance and dancing; (5) encouraging a dance and dancing,—such dancing consisting of waltzes and two-steps, not as an exhibition, on the first day of the week, or Sunday. The said affidavit of relator states that he was at the premises in question on Sunday, April 21st, and that there were present at that place about 20 members of the Homer Social Club, of which the deponent is president and manager; that on said evening at said premises deponent invited the same 20 members to dance to the accompaniment of piano and two violins; that said 20 members, consisting of 10 men and 10 women, did then and there dance and waltz in couples; that deponent also participated in said dance; and that said dance was for the amusement of the persons dancing, and not as an exhibition; and that said dancing occurred in a large room hired by the deponent. Upon these papers the question is presented whether dancing on Sunday, not as an exhibition or performance, but merely for the amusement of the dancers, is a violation of section 277 of the Penal Code, which section is as follows:

"Theatrical and Other Performances. The performance of any tragedy, comedy, opera, ballet, farce, negro minstrelsy, negro or other dancing, wrestling, boxing with or without gloves, sparring contest, trial of strength or any part or parts thereof, or any circus, equestrian, or dramatic performance or exercise, or any performance or exercise of jugglers, acrobats, club performances or rope dancers, on the first day of the week is forbidden."

The section further provides severe punishment for its violation, as follows:

"Every person aiding in such exhibition, performance or exercise, * * * and every owner or lessee of any garden, building or other room, place or structure, who leases or lets the same for the purpose of any such exhibition, performance or exercise, * * * is guilty of a misdemeanor, and besides is subject to a penalty of five hundred dollars, to be collected in the manner provided in the statute, and every such exhibition, performance or exercise, of itself, annuls any license which may have been previously obtained by the manager, superintendent, agent, owner or lessee, using or letting such building, garden, room, place or other structure, or consenting to such exhibition, performance or exercise."

It is too clear for argument that this section does not prohibit dancing on the first day of the week other than for the purposes of an exhibition or performance. The heading of the section is "Theatrical and Other Performances," which indicates what the legislature considered to be the subject-matter of the section. The only reference to dancing in the section is in the words "negro or other dancing," which evidently does not refer to a case where persons dance for their own amusement, but to an exhibition or performance of dancing. Moreover, all the acts forbidden by the section are those which invariably, and from their nature, are performed only for the purposes of an exhibition or performance, and which require a stage of some kind, and are usually performed for the entertainment of other persons, and for pay. If dancing of every kind were covered by the statute, it would be unlawful for persons to dance in their own houses for their own amusement on Sunday. The severe penalties imposed for a violation of the section also indicate that the legislature could not have intended that the section should apply to the case of persons dancing for their own amusement, and the provision for the revocation of the license of the owner of the premises is certainly not applicable to those cases in which persons dance for their own amusement in places for which no license is required. Although the precise question was not involved in Mayor, etc., of City of New York v. Eden Musee Am. Co., 102 N. Y. 596, 8 N. E. 40, nor in People v. Campbell, 51 App. Div. 565, 65 N. Y. Supp. 114, the decisions of the courts in those cases are in harmony with the views above expressed. It appearing, therefore, from the commitment itself, and also from the evidence submitted on behalf of the relator, that he was not guilty of the crime charged, and is therefore unlawfully restrained of his liberty, the writ must be sustained, and the prisoner discharged.

Writ sustained, and prisoner discharged.