(57 Misc. Rep. 52.)

## In re HAMMERSTEIN.

(Supreme Court, Special Term, New York County. December 3, 1907.).

1. SUNDAY—DESECRATION—STATUTES—CITY ORDINANCE—THEATRICAL PRODUCTIONS.

Greater New York Charter, Laws 1897, p. 522, c. 378, § 1481, provides that it shall not be lawful to exhibit to the public on Sunday in any building, garden, grounds, concert room, or other room or place within the city of New York any interlude, tragedy, comedy, opera, ballet, play, farce, negro minstrelsy, negro or other dancing, or any other entertainment of the stage, or any part or parts therein, or any equestrian, circus, or dramatic performance, or any performance of jugglers, acrobats, or rope dancing. *Held*, that the phrase "any other entertainment of the stage" should not be limited, under the rule of ejusdem generis, to performances similar to those specified, but should be construed to enlarge the scope of the section, so as to forbid all performances of any character in a place of public amusement on Sunday.

2. SAME—LEGISLATIVE REGULATION.

The Christian Sabbath being one of the civil institutions of the state, the Legislature has power to regulate its observance and prevent its desecration by appropriate legislation to protect the moral and physical well-being of the people, and to preserve the peace, quiet, and good order of society.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 45, Sunday, § 2.]

3. SAME—PERFORMERS ON SUNDAY.

Every performer at an "entertainment of the stage" on Sunday is guilty of a misdemeanor, punishable by fine and imprisonment, under Pen. Code, § 269, imposing a punishment for Sabbath breaking.

4. SAME—CONTRACT FOR PERFORMANCE ON SUNDAY.

A contract of employment by an actor to perform and render services on Sunday is absolutely void, under Pen. Code, § 263, prohibiting all labor, except works of necessity and charity, on Sunday.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 45, Sunday, § 48.]

Proceedings by the city of New York for the revocation of a theatrical license granted to one Hammerstein. Judgment for plaintiff.

See 52 Misc. Rep. 606, 102 N. Y. Supp. 950.

Francis K. Pendleton, for city of New York.

House, Grossman & Vorhaus, for respondent.

O'GORMAN, J. This is a proceeding instituted under section 1476 of the city charter (Laws 1897, p. 520, c. 378) to revoke a theatrical license granted to the respondent for the alleged violation of section 1481 of the city charter, in that he gave performances in his theater on a Sunday. The matter comes before the court on a motion to confirm the report of the referee, who took testimony and reported that certain acts or parts of the programme on the occasion in question were illegal, and that the license should therefore be revoked. The controversy involves the construction of section 1481 of the charter, which provides as follows:

"It shall not be lawful to exhibit on the first day of the week, commonly called Sunday, to the public, in any building, garden, grounds, concert room or other room or place, within the city of New York, any interlude, tragedy, comedy, opera, ballet, play, farce, negro minstrelsy, negro or other dancing, or any other entertainment of the stage, or any part or parts therein, or any

equestrian, circus, or dramatic performance, or any performance of jugglers, acrobats or rope dancing. Any person offending against the provisions of this section, and every person aiding in such exhibition by advertisement or otherwise, and every owner or lessee of any building, part of a building, ground, garden, or concert room or other room or place who shall lease or let out the same for the purpose of any such exhibition or performance, or assent that the same be used for any such purpose, shall be guilty of a misdemeanor, and in addition to punishment therefor provided by law shall be subject to a penalty of $500, which penalty the corporation counsel of said city is hereby authorized in the name of the city of New York to prosecute, sue for and recover; in addition to which every such exhibition or performance shall of itself forfeit, vacate and annul, and render void and of no effect any license which shall have been previously obtained by any manager, proprietor, owner or lessee consenting to, causing or allowing or letting any part of a building for the purpose of any such exhibition or performance."

It will be observed that the statute prohibits "any other entertainment of the stage," but counsel for the respondent cites the familiar rule of ejusdem generis—that, where an enumeration of specific things is followed by a general word or phrase, the latter may be held to refer to things of the same kind as those specified—and claims that, as the Legislature has enumerated specifically the character of performances that are prohibited on a Sunday, it was not intended to prohibit all performances, and that the phrase "any other entertainment of the stage" should read "any other like entertainment of the stage." It must be apparent that such a strained interpretation of the statute would defeat the very purpose of its enactment. It is argued that, if the legislative intent was to prevent all public amusement on a Sunday, it was quite useless to enumerate any particular classes of entertainment. It may be conceded that the phraseology of the act could be improved upon, but mere precision of expression is not the test of legislative intent. It might with more pertinence be remarked that it was easy to insert the word "like" or "similar" after "other" in the act at the time of its passage, if the Legislature intended to contract the meaning of the phrase under discussion. Not having done so, counsel should not be permitted to recast the statute and supply a word which alters its language and spirit. The presumption is that words and phrases used in a statute are employed in their familiar and popular sense and without any forced, subtle, or technical construction to limit or pervert their meaning. The rule invoked, while often applied, is not inflexible, and should be adopted only when the intent to limit the general words is clear. The cases are numerous where the word "other" has been held to be unrestrictedly comprehensive, embracing every other sort or kind, whether ejusdem generis with the classes enumerated or not. 21 Am. & Eng. Ency. (2d Ed.) 1014; 17 Am. & Eng. Ency. 6; 26 Am. & Eng. Ency. 605. Like all principles of construction, the rule in question is useful only for the purpose of ascertaining the intent of the statute, and will not be applied if not in harmony with such intent. All canons of interpretation are subordinate to the intent, and are intended as means to ascertain and not as weapons to destroy the legislative design.

Giving the words employed their ordinary meaning, it is manifest that the statute forbids all performances of any character in a place of public amusement on a Sunday. This was so held by the Court of Ap-

peals in the action of Mayor, etc., v. Eden Musee, 102 N. Y. 593, 8 N.
E. 40, where a precisely similar statute was under consideration. The
court there said:

"The phrase 'any other entertainment of the stage' is also very broad and
comprehensive. Theatrical and operatic performances, ministrelsy, and dan-
cing, had already been specifically named, and 'any other entertainment of the
stage' implied that there were others to be included. Was it meant that a
boxing match on the stage of a place of public amusement did not need regu-
lation and license, while an opera or tragedy did? Taking the statute in all
its terms, it evidently meant to include all classes of public exhibitions, such
as are usually conducted upon a stage for the observation and amusement of
the public, and we see no good reason for narrowing or restricting its obvious
scope and purpose."

This view is quite in harmony with the general legislation of the
state for the regulation of Sunday observance, and must be adhered
to. The law is well established in the state of New York that the
Christian Sabbath is one of the civil institutions of the state, and that
for the purpose of protecting the moral and physical well-being of the
people, and preserving the peace, quiet, and good order of society, the
Legislature has authority to regulate its observance and prevent its
desecration by appropriate legislation. People v. Moses, 140 N. Y.
214, 35 N. E. 499; People v. Havnor, 149 N. Y. 195, 43 N. E. 541,
31 L. R. A. 689, 52 Am. St. Rep. 707; Smith v. Wilcox, 24 N. Y. 353,
82 Am. Dec. 302; Matter of Rupp, 33 App. Div. 469, 53 N. Y. Supp.
927. Laws passed for that purpose are found in chapter 1, tit. 10, of
the Penal Code. They declare that, the first day of the week "being
by general consent set apart for rest and religious uses, the law pro-
hibits on that day the doing of certain acts hereinafter specified, which
are serious interruptions of the repose and religious liberty of the com-
munity." They prohibit "all labor, excepting works of necessity and
charity." They forbid "public sports, exercises or shows." They pro-
hibit "all trades, manufactures, agricultural or mechanical employ-
ment," except when the same are works of necessity and do not in-
terfere with the repose and religious liberty of the community. They
prohibit any part of a tragedy, opera, or dramatic performance or ex-
ercise. These provisions of the Penal Code are clearly violated by ev-
ery performer at an entertainment of the stage on a Sunday in the
state of New York, and make him guilty of a misdemeanor, punishable
by fine and imprisonment. Section 269 of the Penal Code. The con-
tract of employment by an actor to perform and render services on a
Sunday is absolutely void under section 263 of the Penal Code, pro-
hibiting all labor, excepting works of necessity and charity, and cannot
be enforced in the courts of the state, because the transaction itself
is illegal. Smith v. Wilcox, supra; Bilordeaux v. Bencke (Com. Pl.)
9 N. Y. Supp. 507. If the respondent's construction of chapter 1481 of
the charter were to prevail, it would follow, as claimed upon the ar-
gument by his counsel, that singing, dancing, musical numbers, acts
by monologue, and sketch performers, and all the usual features of
the music hall or variety theater, excepting only those specifically pro-
hibited, are permissible on Sundays. Yet the provisions of the Penal
Code referred to unmistakably make the performance of those acts ille-
gal, and statutes in pari materia are presumed to be governed by the

same spirit, and are intended to be harmonious and consistent. Smith v. People, 47 N. Y. 331.

The referee erred in holding that only five of the acts complained of were violations of the provisions of the charter. Each of the 20 acts set forth in the petition constituted a clear violation of the law, sufficient to justify a revocation of the license and the arrest and punishment of the proprietor and performer. The law is plain, and there can be no excuse for laxity in its observance or enforcement. All performances in theaters or other places of public amusement and entertainment on a Sunday are prohibited.

Ordered accordingly.