WEISTBLATT et al. v. BINGHAM, Police Com'r, et al.

(Supreme Court, Special Term, Kings County.   March 26, 1908.)

1. THEATERS AND SHOWS—LICENSES—ORDINANCES—MOVING PICTURE SHOW—
   "ENTERTAINMENT OF THE STAGE."
   A license is not required for a free moving picture show in an ice cream
   saloon and candy store to draw trade, under Greater New York Charter,
   Laws 1897, p. 519, c. 378, § 1472, requiring a license for the exhibition to
   the public in any building, garden or grounds, concert room, or other place
   or room in the city of New York, of any interlude, tragedy, comedy, opera,
   ballet, play, farce, minstrelsy, or dancing, or "any other entertainment
   of the stage," or any equestrian, circus, or dramatic performance, or any
   performance of jugglers or rope dancing, or acrobats; such show not be-
   ing within the meaning and purview of the act, and not within the words
   "any other entertainment of the stage."
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 45, Theaters and
   Shows, § 3.
   For other definitions, see Words and Phrases, vol. 3, p. 2410.]

2. SAME—"COMMON SHOW"—"OTHER SHOWS OF LIKE CHARACTER."
   Under section 51 of the Greater New York charter (Laws 1901, p. 30, c.
   466), and sections 305, 352, of ordinances passed pursuant to such char-
   ter provision, providing that a license may be required of all common
   shows, and providing that a "common show" shall be deemed to include
   Ferris wheel, gravity steeplechase, chute, scenic cave, bicycle carousel,
   scenic railway, striking machines, switchback, merry-go-round, puppet
   shows, ball games, and all "other shows of like character," the giving of a
   free moving picture show in an ice cream saloon and candy store, while not
   within the term "other shows of like character," is included in the words
   "common shows," since those words are not limited by the list given, but
   include many others not given.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 45, Theaters and
   Shows, § 3.]

Application for injunction by David Weistblatt and another against
Theodore A. Bingham, individually and as police commissioner, and
others, to restrain the stopping of a moving picture show. Applica-
tion denied.

Sidney A. Clarkson, for plaintiffs.

Francis K. Pendleton (Edward Lazansky, of counsel), for defend-
ants.

CRANE, J.   The plaintiffs have an ice cream saloon and candy
store at Tompkins avenue and Floyd street, in this borough, the rear
of which is fitted up with tables to accommodate 100 or more people
and with a screen upon which are thrown moving pictures. While
no entrance fee is charged for this exhibition, it is evident that it is
conducted for the purpose of drawing trade and of gathering people
into the place to purchase soda or ice cream while viewing the pic-
tures. A person who came in and occupied one of the chairs at a
table without ordering something I imagine would not stay very long.
In this indirect way a profit is made out of the moving picture show.
The police, although making no arrest, have stopped the giving of
these pictures on the ground that the plaintiffs have no license there-
for, and the latter have applied to this court to restrain this interfer-
ence of the officers.

Unless restrained by some provision of law, these plaintiffs have a perfect right to carry on their business in any way they please, not amounting to a nuisance. The only question, therefore, is whether the charter or ordinances of the city require a license for a moving picture show as given by the plaintiffs. The corporation counsel insists that section 1472 of the charter (Laws 1897, p. 519, c. 378) applies, which reads:

"It shall not be lawful to exhibit to the public in any building, garden or grounds, concert room or other place or room within the city of New York, any interlude, tragedy, comedy, opera, ballet, play, farce, minstrelsy or dancing, or any other entertainment of the stage, or any part or parts therein, or any equestrian, circus or dramatic-performance, or any perfomance of jugglers, or rope dancing, or acrobats, until a license for the place of such exhibition for such purpose shall have been first had and obtained, as hereinafter provided."

I do not consider, however, that a magic lantern or stereopticon show is included within the words "any other entertainment of the stage," or within the meaning and purpose of this section, so as to require a license fee of $500. Section 51 of the charter (Laws 1901, p. 30, c. 466) gives to the board of aldermen power to provide for licensing and otherwise regulating the business of "* * * menageries, circuses and common shows." Section 305 of the ordinances adopted by the board of aldermen enacts that certain businesses must be duly licensed, and names among such "common shows." Section 352 of the ordinances reads as follows:

"A common show shall be deemed to include Ferris-wheel, gravity steeplechase, chute,. scenic cave, bicycle carousel, scenic railway, striking machines. switchback, merry-go-round, puppet show, ball game, and all other shows of like character, but not to include games of baseball, or to authorize gambling or any games of chance."

Is a moving picture exhibition a common show, within the meaning and purpose of section 51 of the charter and these ordinances? It is quite evident that the words "other shows of like character" in section 352 of the ordinances do not include moving picture shows; but it is also evident that this section does not mean to define or limit the words "common show," but to state what they shall be deemed to include, leaving many other performances and shows than those specified to the provisions of the preceding section (305), likewise requiring license. It may be said with some reason that by the rule of ejusdem generis the words "common show," following in section 51 the words "menageries and circuses," and associated in section 305 of the ordinances with various businesses like hawkers, peddlers, shooting galleries, and the like, would not cover or include moving picture shows and indoor performances of a more delicate nature; but Mr. Justice O'Gorman's application of this rule as expressed in the Matter of Hammerstein (Sup.) 108 N. Y. Supp. 197, is a correct view to take, I think, of the ordinances adopted by the aldermen for the purpose of regulating shows. It is common knowledge that the moving picture shows are run in the summer time in conjunction with summer gardens and saloons, are very common at popular seashore resorts for drawing and gathering a crowd into drinking places, and par-

take of the nature of the song and dance, acrobatic, minstrel perform-ances, and the like, formerly used for this purpose. The moving picture show as conducted by the plaintiffs in connection with their ice cream saloon is a public performance, and given for the purpose of entertaining the patrons of the place, and is in the nature of the common or ordinary show as thus used. It might not be so if used for instruction. °

It is claimed that the case of People v. Royal, 23 App. Div. 258, 48 N. Y. Supp. 742, is contrary to this view, but I find the facts to be, as expressed in the opinion, that the exhibition given by defendant in that case was to explain and call attention to the book he was sell-ing. No license, I take it, would be required under these ordinances I am construing, if the use made of the stereopticon was to explain or advertise the goods or wares the plaintiffs had for sale. Such use would not be a performance or a common show. In applying section 265 of the Penal Code it has been held by Mr. Justice Kelly, in this district, in Economopoulos v. Bingham (October 10, 1907) 109 N. Y. Supp. 728, that the words "public shows," prohibited on Sunday, in-cluded the moving picture exhibition. While this same application of the Penal Code has not been followed in Eden Musee American Co. v. Bingham (Sup.) 108 N. Y. Supp. 200, and Keith & Proctor Amusement Co. v. Bingham, 108 N. Y. Supp. 205, yet these latter cases do not intimate that a moving picture show should not be li-censed under the charter and ordinances.

For the reasons thus expressed, I shall deny the plaintiffs' application for injunction restraining the police, referring them to the bureau of licenses to obtain permission for their exhibition in accordance with the ordinances above referred to.