CITY OF ST. JOSEPH, RESPONDENT, v. L. A. SAFRIS, APPELLANT.*

Kansas City Court of Appeals.   May 3, 1926.

*Corpus Juris-Cyc References: Licenses, 37CJ, p. 265, n. 60.

*Gaddy, Sherwood & Dischner* for respondent.

*Strop & Silverman* for appellant.

BLAND, J.—Defendant was convicted of keeping a public dance house without a permit and his punishment assessed at a fine of $500. He has appealed.

He was prosecuted under an ordinance of the City of St. Joseph providing that—

"No person, firm or corporation shall keep a public dance house within the limits of the City of St. Joseph which shall be open promiscuously to the public, either upon the payment of an admission fee or otherwise without a written permit issued therefor by the chief of police and the humane officer."

The evidence shows that defendant operates a confectionery and restaurant business in which he sells candies, sodas, sandwiches, light lunches, and a plate dinner during the noon meal hour. The business is located in a storeroom which fronts south upon Edmond street in said city. There is a soda fountain and a candy show case located near the street, immediately north of these are some open booths against the walls in which are tables and chairs where patrons may sit while being served. A portion of the room, about fifteen feet square located at the rear thereof, is fenced off from the rest of the room by a railing. This part has a polished floor and was prepared by the defendant for dancing. At the entrance of this space and on the outside of the railing is an electric piano. Ordinarily there are no chairs or tables in this dancing space but at times they are placed therein for the purpose of serving parties. Except when so used for serving parties, this space contains no furniture whatever. At no time does it have a place for an orchestra or seats for dancers. This space is maintained for the purpose of promoting defendant's confectionery and restaurant business by affording a place to dance for customers who are waiting to be served. No part of the public except defendant's customers may dance therein and no admission

charge or fee is made for the privilege of dancing. The customers are provided music for dancing by their dropping a coin in the piano. The piano is used not only as a means of furnishing music for dancers but also to furnish music in the main room. There are no stated or announced dances held. There is never a program or any other thing that is commonly connected with a dance. Any customer who is clean in appearance is privileged to dance in the place provided therefor. Very few customers take advantage of the opportunity to dance and there are some days when there is no dancing.

Prior to his arrest defendant attempted to procure a permit under the ordinance but it was refused not because of anything objectionable connected with the operation or reputation of his place, but because it was feared that if a permit were granted defendant, proprietors of other like confectioneries in the city, some of which had given trouble, would also prepare a place for dancing and apply for a permit.

Defendant contends that he was not operating a public dance house, open promiscuously to the public, within the meaning of the ordinance and therefore his conviction cannot be upheld and his demurrer to the evidence should have been sustained. We think defendant's contention to be well taken. The ordinance appears to be aimed at houses or halls devoted to public dancing or where such dancing is a substantial feature of the business and not to apply to a restaurant and confectionery business having in connection therewith and therein a place to dance free of charge as a mere incident of the real business carried on, and solely to promote such business. [People v. Kelley, 161 N. Y. Supp. 132; People v. Martin, 137 N. Y. Supp. 677; People v. Campbell, 65 N. Y. Supp. 114; Marks v. Benjamin (1839), 2 Moody & R. 225, 5 Mees & W. 565, 151 Eng. Reprint 239; 9 L. J. Mag. Cas. (N. S.) 20, 3 Jur. 1194; Gregory v. Tuffs (1833), 6 Car & P. (Eng.) 271, 1 Moody & R. 313; Quaglieni v. Mathews, 6 B. & S. 474, 122 Eng. Reprint 1270.]

Of course, defendant could not evade the ordinance by appearing to carry on as a mere subterfuge some other business than a public dance house, but there is nothing of that kind present in this case. Neither are we called upon to say whether defendant's place of business may not be regulated by the City of St. Joseph.

The judgment is reversed. *Arnold, J.,* concurs; *Trimble, P. J.,* absent.