Hillsborough, }
Feb. 6, 1934. }

CHUNG MEE RESTAURANT CO. *v.* MICHAEL J. HEALY.

*Doyle & Doyle*, for the plaintiff, furnished no brief.

*Cyprien J. Belanger*, for the defendant, furnished no brief.

WOODBURY, J. The above enactments are not designed for the production of revenue for the state or municipality. The statute is designed to regulate the conduct of persons who attend public dances; the ordinance, to regulate the places where such functions are held.

Only two questions are here presented. First, have the state and municipality authority to regulate such matters, and, second, is the sort of function which the petitioner proposes to conduct within the meaning of the enactments? We are of the opinion that both of these questions must be answered in the affirmative.

Under the police power the state has authority to legislate for the protection and preservation of the health, safety, morals and general welfare of its citizens. It is peculiarly the province of the legislature to determine what rules and regulations are needed to achieve the above ends. *State* v. *Ramseyer*, 73 N. H. 31, 36. And enactments under this power are only to be set aside as unconstitutional when it clearly appears to the court that there is no relation between the enactment and the object sought to be attained. *State* v. *Roberts*, 74 N. H. 476, 478; *State* v. *Normand*, 76 N. H. 541, 544. It seems to us so clear as to render comment unnecessary that the enactments here under discussion have a direct connection with, and tendency to promote, the public health, safety, morals and general welfare. We have no hesitation in declaring the acts constitutional, *Drake Hotel Co.* v. *Chicago*, 274 Ill. 408, to the contrary notwithstanding.

The authority of the city to enact the ordinance above quoted is to be found in P. L., c. 42, s. 30.

The principal question is whether the petitioner is conducting a public dance within the meaning of P. L., c. 363, s. 9, and whether the dance floor in its restaurant renders its establishment a hall for dancing within the above ordinance.

The test of the applicability of the enactments is not made to depend upon whether any fee, direct or indirect, is charged for permission to dance. Free dances are as much subject to regulation as those which are not. The test is whether the dance is public, that is, whether persons generally may attend provided they comply with the terms of admission, or whether only those persons may attend who have been personally selected and invited. The petitioner's patrons are not personally selected or invited. They attend, and any one may attend, who wishes to dance and pay the price for that privilege, that is, the price of food in the petitioner's restaurant. The dances which the petitioner proposes to conduct are public dances within the meaning of the enactments. The fact that other forms of

entertainment or accommodation are combined with the dancing, and that the only direct charge is made for food, the purchase of which is the condition upon which the privilege of dancing is extended, is wholly immaterial. A public dance is rendered no less public because the ticket for permission to dance is in the form of a check for edibles.

"A hall for dancing . . . except for private use," is not limited to any particular type of structure, or any particular part of any structure. The term is broad enough to include any building or any part thereof where public dances are held, and the fact that other activities are carried on in the same place does not alter the situation. The petitioner has converted his restaurant into a hall for dancing within the meaning of the ordinance.

In New York the test of the applicability of a somewhat similar ordinance is made to depend upon whether the activity carried on is subsidiary or incidental to the conduct of another business either licensed or not subjected to any licensing requirement. There moving pictures may not be shown without a license, but such shows need not be licensed if shown in an ice cream saloon for the entertainment of the patrons. *People* v. *Wacke*, 137 N. Y. S. 652. The same principle has been applied to cabaret shows in hotels, *People* v. *Martin*, 137 N. Y. S. 677; *People* v. *Keller*, 161 N. Y. S. 132. See also *People* v. *Royal*, 23 App. Div. 258; *People* v. *Campbell*, 51 App. Div. 565.

We decline to follow these authorities. The enterprise which the petitioner proposes to carry on, though incidental to its restaurant business, is clearly within the plain wording of the enactments. We conceive it to be the province of the legislature, not of the courts, to create an exception in favor of public dances carried on as incidental to some other activity.

The petitioner must comply with the terms of both the statute and the ordinance.

*Case discharged.*

All concurred.