WHITESTONE BRIDGE DRIVE-IN THEATRE, INC., Respondent, v. BERNARD J. O'CONNELL, as Commissioner of Licenses of the City of New York, Appellant.

First Department, July 6, 1961.

*Beatrice Shainswit* of counsel (*Seymour B. Quel* with her on the brief; *Charles H. Tenney, Corporation Counsel,* attorney), for appellant.

*Thomas H. McManus* of counsel (*Lynch & McManus,* attorneys), for respondent.

*Per Curiam.* This is an appeal by defendant from a judgment entered August 30, 1960, pursuant to an order entered July 18, 1960, which granted plaintiff's motion for summary judgment in an action for a declaratory judgment and an injunction.

Certain facts are not in dispute. Plaintiff is the owner and operator of a drive-in motion picture theatre which can accommodate 1,500 cars. The theatre is properly licensed under the provisions of article 4 of chapter B32 of the Administrative Code of the City of New York.

In conjunction with the theatre plaintiff maintains or operates a fenced-in playground containing a slide, swings, scooter table, a power-driven carousel or merry-go-round seating 12 children, and a power-driven Ferris wheel, also seating 12 children. These facilities are available for the use of children under the age of 12 years who accompany patrons. No extra

charge is made beyond the regular admission fee for the adults, and children under the age of 12 are not admitted unless they are in the company of adults. The playground opens when the box office opens and is closed 15 minutes before the first picture showing begins. The carousel and Ferris wheel are not permanently attached to the ground. When the theatre closes in the Fall, to reopen in the Spring, the playground is closed and the amusement or recreation devices dismantled.

The purchase of a ticket is a prerequisite to admission and the use of the playground.

The issue here is whether the carousel and Ferris wheel constitute a common show within the meaning of the statute, for which a license is required.

Appellant asserts that it is a common show and a license is required.

Plaintiff-respondent asserts that the amusement devices are gratuitously maintained as a mere incident to its business and such maintenance does not constitute a common show.

Subdivision a of section B32–41.0 of the Administrative Code provides: "It shall be unlawful for any person to act as a common show operator without a license therefor."

Article 5 of chapter 32 of the Administrative Code defines in part common shows for which licenses are required. Subdivision a of section B32–40.0 of such article states that: "Whenever used in this article, the term 'common show' shall include:

"(1) a carousel, ferris wheel, gravity steeplechase, chute, scenic cave, bicycle carousel * * * merry-go-round". Paragraph (2) of the same subdivision refers to certain paraphernalia or devices, however operated, "in or upon which a game of skill or amusement may be played by one or more persons, singly or collectively, *upon the payment of a fee, charge or other consideration*" (emphasis added). It should be noted that paragraph (1) imposes no such condition or requirement as payment of a fee.

Subdivision b of section B32–40.0 states: "Whenever used in this article, the following terms shall mean and include: 1. 'Common show operator'. Any person who maintains or operates a common show."

The presence or absence of any requirement for payment of a separate fee by the user of the devices herein involved is not determinative of the issues. (See *Weistblatt* v. *Bingham*, 58 Misc. 328.) The devices involved are for the use of children of tender years. They are power driven, as such subject to mechanical or other failure, with possible harm to their infant

users. The legislative body evidently considered and determined that devices of this nature constitute a potentially dangerous instrumentality and should be licensed so as to be subject to supervision and control. If we attempt to create distinctions or exemptions based upon size or capacity, it is evident that no satisfactory line of demarcation can be drawn. The provisions of the code, if valid, must be construed and applied in light of the nature of the instrumentality involved.

The Constitution of the State of New York (art. IX, § 12) and the City Home Rule Law confer upon the city the power to adopt and amend local laws for the protection, safety, health and general welfare of its inhabitants, subject to the limitation that they shall not be inconsistent with nor contravene laws of the State, and that they bear a reasonable relation to the objective sought to be achieved. (See *Pomeranz* v. *City of New York,* 1 Misc 2d 486, affd. 7 A D 2d 752, appeal dismissed 3 N Y 2d 885.) The legislation in question tested by such standards is valid.

Under the plain language of the statute a license is required. (*Lane-Marvey Corp.* v. *McCaffrey,* 204 Misc. 166, affd. 282 App. Div. 1013, motion for leave to appeal denied 283 App. Div. 655, motion for leave to appeal denied 306 N. Y. 985). As respondent concedes the devices are designed to attract increased patronage. As a practical matter it is fair to conclude that the cost of the operation is borne by the general patron, so that this is not truly a " free " playground, nor is it open to use by the casual infant passerby.

The order appealed from should be reversed on the law and the judgment entered thereon vacated, with costs to appellant. Judgment should be directed for defendant-appellant declaring that plaintiff-respondent's devices are subject to the licensing provisions of article 5 of title B of chapter 32 of the Administrative Code of the City of New York. (See *Rockland Light & Power Co.* v. *City of New York,* 289 N. Y. 45, 51.) Settle order.

RABIN, J. P., VALENTE, STEVENS, EAGER and STEUER, JJ., concur.

Order unanimously reversed, on the law, and judgment entered thereon vacated, with costs to the appellant. Judgment is directed for defendant-appellant declaring that plaintiff-respondent's devices are subject to the licensing provisions of article 5 of title B of chapter 32 of the Administrative Code of the City of New York. Settle order on notice.