Hugh S. Coyle, J.
This is an action by the plaintiff, a dentist, for a declaratory judgment against the Village of Pelham Manor to have declared void as unconstitutional certain provisions of the Zoning Ordinance of the village and for an injunction restraining the defendant village from enforcing such Zoning Ordinance as applied to the plaintiff.
In the instant application, defendants move to dismiss the complaint pursuant to subdivision 4 of rule 106 of the Rules of Civil Practice, on the ground that it appears on the face thereof that the same does not state a cause of action.
Plaintiff, who maintains an office for the practice of his profession in The Bronx, purchased, in 1961, a one-family house in a Residence “A” district of the Village of Pelham Manor with the alleged intention of using a small portion of such residence as a dental office. Confronted with the Village Zoning Ordinance of 1953, which provides that in an “AAA”, and “ AA ” and an “ A ” residence district, “ no building or lot shall be used or occupied for any purpose other than as follows: (a) a single one-family detached dwelling used exclusively for *321 residential purposes and no part of which may be used for the office of a professional person or any other employment, vocation or home occupation ”, the plaintiff attempted to obtain permission to use his residence as a professional office by applying variously to the Zoning Board of Appeals for a variance, to the Board of Trustees for a change of zone and to the Building Inspector for a certificate of lawful occupancy. When the afore-mentioned municipal authorities denied him such permission the plaintiff then commenced this action to have the Zoning Ordinance declared unconstitutional and void and to enjoin the enforcement thereof.
For the purposes of this motion the defendants admit the truth of the material factual allegations of the complaint, the substance of which has been set forth above, but they do not admit the legal conclusions which the plaintiff has drawn therefrom that the Zoning Ordinance is “ arbitrary, unreasonable, discriminatory, confiscatory, unconstitutional, void and ineffective to deprive plaintiff unlimited and unconditional use of plaintiff’s property for residential purposes and for professional use, while a resident therein as a duly licensed, practicing dentist of the State of New York.”
It is the plaintiff’s position that having been licensed by the State of New York, pursuant to the provisions of the Education Law he has an unqualified right to practice his profession at any situs in any locality within the State and that he cannot be deprived of such right by a lower legislative body of the State, such as the Village Board of Trustees. However, the Village Board of Trustees has been invested by the State Legislature with the power, under section 175 of the Village Law “to regulate and restrict * * * the density of population and the location and use of buildings, structures and land for trade, industry, residence or other purposes.” It appears from the 1953 Zoning Ordinance which is annexed to and made part of the complaint, that the “A”, “ AA ” and “AAA” districts are residential areas of lowest density and it is from these districts only that the office of a professional person is excluded. On the other hand the use of a portion of a residence as an office of a physician or dentist is permitted in a Residence “ B ” district which is a single one-family residence zone of higher density than the “ A ” districts, and the office of a professional verson may also be maintained in the multi-family and business districts.
In Skrysak v. Village of Mt. Prospect (13 Ill. 2d 329, 333-334) a dentist sought to practice his profession in his residence in a residential district where such use was prohibited. The Supreme *322 Court of Illinois upheld the exclusion of such professional use, stating: “Plaintiff’s assertion that the ordinance is confiscatory is not borne out by the record. * * * .Furthermore, no discrimination is shown since all dental and other professional offices are confined to an area zoned for those purposes ”.
The plaintiff has no standing in this court to challenge the constitutionality of subdivision 1 b of section 43 of article IV of the Zoning Ordinance insofar as said section excludes from a Residence “ B ” district professions other than physicians and dentists on the ground that it may be discriminatory as to professions of which the plaintiff is not a member.
■ The circumstance that the Zoning Ordinance of the village which regulates the use of real property and not the conduct of persons, professionally licensed or not, may have a limited impact on the plaintiff respecting the places in the village where he may and may not maintain an office for the practice of dentistry is not sufficient to invalidate legislation otherwise tending to fulfill the zoning purposes specified in section 177 of the Village Law. Accordingly, the defendants ’ motion is granted and the complaint dismissed.