OPINION OF THE COURT
Sam Eisenberg, J.
The defendant Albert .Ader is charged under Dockets Nos. 562-82 and 692-82 with four violations of subdivision 4A of section 194 of the City Ordinance of the City of Mount Vernon. A fifth offense is charged under Docket No. 692-82 for violation of subdivision 38 of section 227 of the City Ordinance of the City of Mount Vernon.
Subdivision 38 of section 227 of the city ordinance would prohibit the selling of products, such as flowers, on a public street without a written permit. The motion made herein does not ask for dismissal of that charge and thus that charge is not considered in this decision.
The pertinent part of subdivision 4A of section 194 of the city ordinance, under which the defendant is charged with respect to the other four offenses, provides as follows: “No peddler shall stand or permit the vehicle used by him to stand in one place in any public place or street for more *297 than 10 minutes”. With respect to each of the four offenses the defendant is charged with, having parked his van in a public place and having sold flowers for more than 10 minutes without moving.
The defendant asserts that the place where the offenses allegedly were committed was not city property but was in fact property owned by the County of Westchester. It is land in the City of Mount Vernon which abuts and provides entry to the Hutchinson River Parkway at East Lincoln Avenue. It is the defendant’s contention that since the situs of the alleged violation was not property owned by the City of Mount Vernon, that the police were outside of their geographical jurisdiction and as such, were not empowered to enforce this city ordinance with respect to acts performed on county property.
The statute involved prohibits the standing within a public place for more than 10 minutes for the purpose of peddling. The words public place are defined by Black’s Law Dictionary as: “A place to which the general public has a right to resort; not necessarily a place devoted solely to the uses of the public, but a place which is in point of fact public rather than private, a place visited by many persons and usually accessible to the neighboring public.” This definition is derived from the decision in People v Whitman (178 App Div 193).
If the place which is contended to be public has the usual characteristics of a public place, it does not lose that classification simply because the public area is owned by the State, rather than the municipality which is making the charge. It is the public use of the property which controls. Such was the determination of the Supreme Court of Nassau County in the case of Byrne v Long Is. State Park Comm. (66 Misc 2d 1070).
The remaining question is whether or not a municipality may, in the exercise of its police power, control and regulate the use of a public place which is owned by a higher jurisdictional authority. In the view of this court and under the circumstances of this case, the City of Mount Vernon may do so. In the first instance it should be noted that article 3 (§ 7, subd 10) of the Charter of the City of Mount *298 Vernon, as approved by the New York State Legislature, permits the city to license any and all kinds of businesses carried on within the city. Secondly, a city may make necessary police regulations to regulate or prohibit sales by peddlers and to regulate the use of its streets and public places for that purpose. (Good Humor Corp. v City of New York, 290 NY 312, affg 264 App Div 620, affg 33 NYS2d 905; People v George, 170 Misc 707.)
It is a proper exercise of the police power of a municipality to regulate the use of public property within its jurisdiction, notwithstanding the fact that the State may have licensed the offending party. (Cerbone v Village of Pelham Manor, 39 Misc 2d 320.) That right extends to public places without regard to the ownership thereof by a higher jurisdictional authority, except insofar as the restriction is inconsistent with contrary action taken or authorization granted by the higher jurisdiction. If the county or State government has taken prior action pre-empting and determining the use to which its property may be put, that action will govern and control over action sought to be taken by the city. But, in the absence of contrary action by the county or State, a municipality may control the use of the public places within its territorial jurisdiction.
The Constitution and statutes of the State of New York confer upon municipalities the power to adopt and enforce laws for the general welfare of their inhabitants subject to the limitation that they must not be inconsistent with nor contravene laws of the State (Whitestone Bridge Drive-In Theatre v O’Connell, 14 AD2d 51) and there has been no evidence in this case which would indicate that the County of Westchester or State of New York has adopted any rules with respect to the use of the property herein involved contrary to the ordinance of the City of Mount Vernon.
The moving papers on behalf of the defendant indicate that the defendant is a disabled veteran who was issued a license to peddle by both the City of Mount Vernon and the County of Westchester. The issuance of such a license to the defendant does not authorize nor permit sales in violation of subdivision 4A of section 194 of the city ordinance. Nor is the defendant granted any special privileges under section 35 of the General Business Law. That section states *299 clearly that the article involved shall have no effect on the application of a municipal ordinance relating to peddlers, unless a license has been granted to a discharged member of the Armed Forces who uses a hand-driven vehicle for peddling purposes.
For these reasons, the motion made by the defendant to dismiss the offenses charged under subdivision 4A of section 194 of the city ordinance is denied. No disposition has been made of the offense of subdivision 38 of section 227 of the city ordinance charged in Docket No. 692-82. The respective matters under Dockets Nos. 562-82 and 692-82 will appear on the calendar on May 12, 1982.