Stephen L. Oppenheim, Esq. Village Attorney, Monticello
This responds to your request for an Attorney General's opinion as to whether a local law prohibiting certain outdoor sales may be enforced on a veteran who holds a peddler's license from the county pursuant to General Business Law, § 32, if that veteran is selling goods from a truck or van.*
Section 35 of the General Business Law provides that:
 "[t]his article shall not affect the application of any ordinance, by-law or regulation of a municipal corporation relating to hawkers and peddlers within the limits of such corporations, but the provisions of this article are to be complied with in addition to the requirements of any such ordinance, by-law or regulations; provided, however, that no such by-law, ordinance or regulation shall prevent or in any manner interfere with the hawking or peddling, without the use of any but a hand driven vehicle, in any street, avenue, alley, lane or park of a muncipal corporation, by any honorably discharged member of the armed forces of the United States who is physically disabled as a result of injuries received while in the service of said armed forces and the holder of a license granted pursuant to section thirty-two."
It is well settled that veterans licensed under section 32 are required to comply with the reasonable regulations and ordinances of cities and villages within which they may be soliciting trade (see 1945 Op Atty Gen 152; 1922 Op Atty Gen [Inf] 121; 1917 Op Atty Gen [Inf] 207; People vAdler, 115 Misc.2d 296 [Mt. Vernon City Ct, Westchester Co, 1982]). Your inquiry concerns peddlers selling from a truck or van. Thus, we need not deal with the proviso in section 35 of the General Business Law, which enables an honorably discharged veteran who is physically disabled to peddle goods using a hand driven vehicle without interference from municipal regulations.
We conclude that a veteran who is licensed to peddle pursuant to section32 of the General Business Law must comply with a reasonable village, city or town regulation when using a motor-driven vehicle such as a truck or van to peddle his goods.
* Specifically, you have asked whether a local law which prohibits any person, firm, co-partnership or corporation from keeping, displaying, placing, selling and/or offering for sale any food products, fruits, vegetables or produce of any kind outside of any buildings within the Village of Monticello, may be enforced on a veteran licensed to peddle. It should be carefully noted, however, that this opinion in no way considers the reasonableness of the law which you seek to enforce. I direct your attention to Good Humor Corp. v City of New York, 290 N.Y. 312
(1943) and City of Buffalo v Linsman, 113 App. Div. 584 (4th Dept, 1906).