BAKERY SALVAGE CORPORATION, Respondent, v. CITY OF LACKAWANNA, Appellant, and TOWN OF WEST SENECA, Respondent.

Fourth Department, June 27, 1968.

*Nicholas Haragos, City of Lackawanna Attorney (John J. Olszewski of counsel)*, for appellant.

*Merrill G. Windelberg* for Bakery Salvage Corporation, respondent.

*Andrew Hilton* for Town of West Seneca, respondent.

DEL VECCHIO, J. This is an appeal from a judgment which declared null and void an ordinance of the City of Lackawanna prohibiting trucks over five tons in weight on Fisher Road, a residential street in the city, and enjoined enforcement of the ordinance. The judgment also dismissed plaintiff's action against the Town of West Seneca and the city's cross claim against the town. The city alone has appealed, urging error in the lower court's determination of invalidity.

Fisher Road in the City of Lackawanna is a two-lane highway extending from Abbott Road easterly for a distance of two blocks, or about 1,000 feet, to the east line of the city, where it continues for approximately 1,400 feet into the adjoining Town of West Seneca. The street then comes to a dead end where it meets the New York State Thruway which was constructed across it in 1957 and which thus divided Fisher Road into two, unconnected segments. The portion of the road east of the Thruway is a town highway connecting to other town roads in the area.

Fisher Road within the City of Lackawanna is 18 to 20 feet wide without curbs and runs through the only city area zoned residential. There are 26 residences, all constructed before 1963 and ranging in value from $15,000 to $23,000, located on this part of Fisher Road, and there are 12 more residences on the street as it extends into the town west of the Thruway. Many children of school age live in these homes; they play in

the street and, of necessity since there are no sidewalks, use it for walking to and from school.

In 1963 the Town of West Seneca zoned the area which lay between the Thruway and the City of Lackawanna near Fisher Road as light manufacturing. With the exception of the residences mentioned above, this area was then open farmland to which no access existed other than Fisher Road as it ran through the City of Lackawanna. In that same year plaintiff, a processor of surplus baked foods for ultimate use in dog foods, located its plant in the town on Fisher Road just west of the Thruway and commenced operations. At that time it was apparent that the road dead ended at the Thruway and that it was the only means of access to the site where plaintiff was locating, and plaintiff's president testified that he investigated Fisher Road before the plant was built and observed the residential homes on the street.

Plaintiff's operation involved deliveries to and from the plant of raw materials and finished products by trucks and tractor trailers traveling from Abbott Road in the city, a main artery of traffic, over Fisher Road through the city's residential area to the plant, and return. At the time of the hearing on this application to have the weight ordinance declared invalid, eight or nine trucks per day on a round trip basis were traveling over Fisher Road to plaintiff's building, approximately half of which were tractor trailers. The tractor trailers owned and used by plaintiff weighed in excess of 18,000 pounds when in combination but unladen, and weighed between 26,000 and 28,000 pounds when fully loaded. The trailers alone were 33 feet long and over 11 feet high. Because of the narrowness of the street, a car passing a tractor trailer was required to go slowly and cautiously, and passing of motor vehicles was difficult.

Shortly after plaintiff began operation, a member of the Lackawanna City Council began to receive complaints from city residents on Fisher Road concerning cracks in their walls and foundations. Upon investigation the Council learned that the portion of the street roadbed located in the city was steadily deteriorating and that it had developed a great number of holes and pockmarks such that extensive repair work was required. Estimates developed by the City Engineer's office indicated the cost of restoring Fisher Road within the city to make it suitable for heavy truck traffic to be about $54,000. The expense would not be a general city obligation but would be a special assessment against the residents on Fisher Road.

After unproductive talks between city and Town of West Seneca representatives concerning the establishment of a town road which would provide access to plaintiff's plant and to the light manufacturing area, the Lackawanna City Council adopted the ordinance here under attack, which prohibited trucks in excess of five tons on Fisher Road. In so doing, the Council took into consideration the safety of the children in the area and their access to schools, the damaging effect on the roadway of heavy traffic, the monetary consequences of such continued traffic and its effect on home values in the residentially zoned area, and the anticipated increase in the foregoing problems which would result from the influx of new industries into the town's light manufacturing area which had as its only access Fisher Road. A member of the Council testified that the principal reason for the enactment of the weight limitation was to relieve and protect the residents of Fisher Road and to preserve the residential character of the street.

At the hearing in the present action plaintiff's president testified that the land upon which the plant is located was purchased originally for $4,000 and that the cost of the building was approximately $150,000; also that the firm does an annual gross business of about $200,000. He stated that, although it was physically possible to use smaller trucks in the operation of the business, the firm could not continue in business under those arrangements.

The lower court has held that the weight limitation ordinance applicable to Fisher Road is void because it deprives plaintiff of property rights without due process and without just compensation. Inferentially, the court has concluded that the ordinance is unreasonable in its application.

The regulation of the weight of vehicles engaged in highway traffic is a valid exercise of the State's power to regulate the use of its highways so as to protect them from injury and to insure their safe and economical use, and such regulations neither violate the Fourteenth Amendment of the United States Constitution nor impose an undue burden on interstate commerce, provided they are reasonably adapted to the end sought and they do not discriminate against interstate commerce. (*South Carolina Highway Dept. v. Barnwell Bros.*, 303 U. S. 177.) This power has been delegated to the legislative body of cities and villages — and thus, to the Common Council of the City of Lackawanna — by paragraph 5 of subdivision (a) of section 1640 of the Vehicle and Traffic Law, which authorizes the exclusion of trucks '' in excess of any designated weight from designated highways ''. The standards by which the

validity of such a local exercise of police power is to be judged have been restated in *Whitestone Bridge Drive-In* v. *O'Connell* (14 A D 2d 51, 54) : " The Constitution of the State of New York (art. IX, § 12) and the City Home Rule Law [now, the Municipal Home Rule Law] confer upon the. city the power to adopt and amend local laws for the protection, safety, health and general welfare of its inhabitants, subject to the limitation that they shall not be inconsistent with nor contravene laws of the State, and that they bear a reasonable relation to the objective sought to be achieved." Thus, by both Federal and State standards, we are enjoined to measure the validity of the local ordinance by the reasonableness of its relationship to the intended goal.

Bearing in mind the objectives of the ordinance, to protect the residents on Fisher Road from the hazards and consequences of heavy truck traffic and to prevent deterioration of the highway — which are undoubtedly valid and proper interests of a municipality — there can be no question of the reasonableness of the ordinance with respect to such objectives. The limitation of the weight of vehicles passing over the street, with the resultant limitation on size, is an obviously effective method for diminishing hazards to persons and vehicles in and about the roadway, for reducing damage to the street itself and for preserving the residential character of the area.

Nor does the fact that the ordinance has an unfavorable economic effect upon plaintiff render it unreasonable or invalid. An economic loss to an individual by reason of an exercise of police power resulting in a benefit to the community which outweighs the individual's loss does not invalidate the ordinance. (*New York Trap Rock Corp.* v. *Town of Clarkstown,* 1 A D 2d 890, 891.) A restriction on the use of property (which is really what plaintiff has been subjected to by the weight limitation) does not make a proper exercise of police power void. In *People ex rel. Wineburgh Adv. Co.* v. *Murphy* (195 N. Y. 126, 131) the Court of Appeals said: " The police power, so difficult to define, but so frequently invoked, is confined to such reasonable restrictions and prohibitions as are necessary to guard public health, morals and safety, and to conserve public peace, order and the general welfare. Regulations and ordinances within such general definition are valid. The city may make and enforce such regulations and ordinances, although they interfere with and restrict the use of private property. Compensation for such interference with and restriction in the use of property is found in the share that the owner enjoys in the common benefit secured to all."

In *Sauer* v. *City of New York* (180 N. Y. 27, 33, affd. 206 U. S. 536) it was said: "But acts done in the proper exercise of governmental powers, and not directly encroaching upon private property, though their consequences may impair its use, are universally held not to be a taking within the meaning of the constitutional provision. They do not entitle the owner of such property to compensation * * * or give him any right of action." The foregoing quotation was repeated with approval in *Cities Serv. Oil Co.* v. *City of New York* (5 N Y 2d 110, 117). *Fifth Ave. Coach Co.* v. *New York* (221 U. S. 467, affg. 194 N. Y. 19) is also authority that if a municipal ordinance is a proper exercise of the police power (here, the ordinance prohibited a public transit company from permitting advertising on the exterior of its coaches, which had provided substantial revenue to the company), a person forbidden to make a certain use of property thereunder is not deprived of his property without due process of law.

It must be borne in mind that the ordinance of the City of Lackawanna does not make plaintiff's property valueless; if an economic hardship will result it is due to the type of business which plaintiff is operating there. But it has been recognized that "Traffic regulations * * * may not infrequently entail hardships and difficulties for some individual property owners." (*Cities Serv. Oil Co.* v. *City of New York, supra,* p. 117.) Cases are numerous in which, in determining the validity of an exercise of police power, there is involved a balancing of interests between the loss which may be sustained by one individual or group and the benefit which may accrue to another group. (See, for example, *Shepard* v. *Village of Skaneateles,* 300 N. Y. 115, 118; *Matter of Dolomite Prods.* v. *Kipers,* 23 A D 2d 339, 341–342, affd. 19 N Y 2d 739, app. dsmd. and cert. den. 389 U. S. 214.) In the present case, on the one side are the interests of the city's established homeowners, living in the only residentially zoned area in Lackawanna, who are subjected to serious safety hazards for themselves and their children by unlimited truck traffic on Fisher Road and who would be required to bear the expense of constructing the street as a heavy duty road and of thereafter maintaining it for such traffic; on the other side are the interests of plaintiff, which but recently located near the terminus of a dead end street, well aware that the street traversed a residential neighborhood, and which by its presence outside the city in the adjoining town has insulated itself from the additional expense of special highway construction and maintenance to be borne by its neighbors on Fisher Road in the city, without any benefit to them from plaintiff's plant in the town. In light of all the

circumstances, the weight limitation ordinance, giving preference to the interests of the homeowners in the city is a valid exercise of governmental authority.

The judgment, insofar as it declares the ordinance null and void and enjoins enforcement thereof, should be reversed, without costs, and judgment should be directed for appellant declaring that the ordinance attacked by respondent is valid.

BASTOW, P. J., GOLDMAN and WITMER, JJ., concur.

Judgment and order, insofar as they declare the ordinance void and enjoin its enforcement, unanimously reversed on the law and facts, without costs, and ordinance declared valid.