■ WHITE PLAINS AUTOMOTIVE SUPPLY COMPANY, INC., et al., Appellants, v CITY OF PEEKSKILL, Respondent. — In an action to enjoin defendant from enforcing a local traffic ordinance, plaintiffs appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Westchester County (Beisheim, J.), dated December 1, 1982, as directed enforcement of the ordinance. Judgment reversed, insofar as appealed from, on the law, without costs or disbursements, and matter remitted to the Supreme Court, Westchester County, for further proceedings in accordance herewith. The stay granted by this court of enforcement of the ordinance in issue is extended until determination of this matter upon remittitur. At issue is whether a local traffic ordinance limiting access to certain streets in the City of Peekskill to commercial vehicles of 27 feet or less in length is a valid exercise of the police power pursuant to section 1640 of the Vehicle and Traffic Law. In making such determination, it is necessary to balance the effect of the ordinance in promoting the health, safety and welfare of the community against the hardships and difficulties it causes to individual property owners (*Bakery Salvage Corp. v City of Lackawanna,* 30 AD2d 207, affd 24 NY2d 643; see, also, *Cities Serv. Oil Co. v City of New York,* 5 NY2d 110, cert den 360 US 934; *Peconic Ave. Businessmens' Assn. v Town of Brookhaven,* 98 AD2d 772). The record before us is insufficient to make such an evaluation. Under the circumstances, an evidentiary hearing is required to develop the requisite factual data (see *Matter of King Rd. Materials v Town Bd.,* 37 AD2d 357). Weinstein, J. P., Bracken, Brown and Niehoff, JJ., concur.

■ STANLEY YALKOWSKY, Appellant, v DEANNE YALKOWSKY, Respondent. — In a matrimonial action, the plaintiff husband appeals from stated portions of a judgment of the Supreme Court, Westchester County (Walsh, J.), dated June 9, 1982, which, *inter alia,* required him to pay child support of $600 per month per child and counsel fees of $50,000. Judgment modified, on the facts, by reducing the counsel fee award to $35,000. As so modified, judgment affirmed, insofar as appealed from, with costs to the defendant. On the record before us, the award of counsel fees was excessive to the extent indicated. Mangano, J. P., O'Connor, Weinstein and Brown, JJ., concur.