OPINION OF THE COURT
Willard W. Cass, Jr., J.
This matter is before the court upon an order to show cause, dated March 9, 1984, for an order directing respondents to show cause why their determination in refusing to grant to the petitioners an exemption from the gross weight or other vehicle weight limitations set forth in section 1660 (subd [a], par 11) of the Vehicle and Traffic Law should not be annulled, and why such exemption should not be granted forthwith. The petitioners, Jack Dibble and H. Stephen Wiser, are represented by attorney F. Gibbs Kerns, and Town Attorney John W. Beckman has appeared on behalf of the respondents.
The petitioners are owners of certain real property situate in the Town of Ripley consisting of approximately 335 acres, which they purchased on April 23, 1983, for the purpose of harvesting logs and timber. To carry on their operations, the petitioners have utilized Johnson Road which is located near their property as a means of ingress *952 and egress for their logging trucks. Johnson Road is a dirt road which is approximately 2.45 miles in length. In February, 1984, the respondent Town Board by resolution authorized the Town Highway Superintendent to post portions of 27 roads in the Town of Ripley, pursuant to section 1660 (subd [a], par 11) of the Vehicle and Traffic Law, to temporarily exclude such weights of vehicles as may injure the said posted roadways. Such exclusion was to take effect when posted and continue m force until the signs on such roadways were removed. Johnson Road is one of the roadways so posted and subject to the temporary weight limitations. The petitioners claim that the posting of Johnson Road for weight limitations has effectively restricted their operations because the weight of their trucks alone is over the established limitation of eight tons gross weight. Therefore, petitioners requested an exemption from the weight limitations established for Johnson Road, said request having been denied by the Highway Superintendent on March 1,1984. Petitioners have now brought this order to show cause, contending that the respondents’ actions have been totally arbitrary and capricious; that they were given no advance notice of the posting; that the power and responsibility for determining which town roads are to be posted and for granting exemptions therefrom rests solely and exclusively with the duly elected Town Board, and cannot be delegated to the Town Highway Superintendent; and that unless an exemption from the vehicle weight limitations on Johnson Road is granted to the petitioners, they will suffer immediate and irreparable financial and economic harm.
The temporary regulation limiting traffic on Johnson Road to vehicles of a gross weight of no more than eight tons is neither arbitrary nor capricious. “The regulation of the weight of vehicles engaged in highway traffic is a valid exercise of the State’s power to regulate the use of its highways so as to protect them from injury and to insure their safe and economical use”. (Bakery Salvage Corp. v City of Lackawanna, 30 AD2d 207, 210.) The Constitution of the State of New York and the Municipal Home Rule Law confer upon a municipality the power to adopt and amend local laws for the protection, safety, health and *953 general welfare of its inhabitants, subject to the limitations that they shall not be inconsistent with nor contravene laws of the State, and that they bear a reasonable relation to the objective sought to be achieved. (Whitestone Bridge Drive-In Theatre v O’Connell, 14 AD2d 51.) The supporting affidavits submitted on behalf of the respondents indicate that 15 families reside and rely on Johnson Road in their daily activities. The objective of respondents in posting Johnson Road for weight limitations was to insure that it would remain open and passable during the spring months for school buses, fire trucks, emergency trucks, ambulances and police vehicles so as to respond to the needs of the residents of Johnson Road and to protect their lives, health, safety and property.
Section 1660 (subd [a], par 11) of the Vehicle and Traffic Law provides in part:
“(a) The town board of any town with respect to highways outside of villages in any such town * * * may by ordinance, order, rule or regulation * * *
“11. Temporarily exclude from any portion of any town highway any vehicle with a gross weight of over four or more tons * * * when in its opinion such highway would be materially injured by the operation of any such vehicle thereon. Such exclusion shall take effect upon the erection of signs on the section of highway from which such vehicles are excluded, and a notice that such vehicles are excluded shall be published in a newspaper in the county where the highway is situated. The exclusion shall remain in effect until the removal of the signs as directed by the town board. Upon written application by any operator of a vehicle subject to this section, the town board may issue a permit providing appropriate exemption to such vehicle, if it is deemed that said vehicle is performing essential local pickup or delivery service and that a failure to grant such permit would create hardship.”
It appears that the only notice required of the posting of town highways for weight limitations is that a notice that such vehicles are excluded be published in a newspaper in the county where the highway is located. The respondents complied with this requirement by causing legal notices to be published of the temporary weight limitations in two *954 newspapers located in Chautauqua County: the Westfield Republican on February 16, and 23, 1984, and the Jamestown Post Journal on February 17 and 24,1984. It is also of interest that identical temporary weight limitations were taken during the winter of 1983, with similar notice published on February 16 and 23, 1983, in the North East Breeze, a publication issued in the Borough of North East, Pennsylvania, where the petitioners are businessmen and loggers. Nor does the power and responsibility for determining which town highways are to be posted and for granting exemptions therefrom rest solely and exclusively with the Town Board. Subdivision (e) of section 1603 of the Vehicle and Traffic Law provides that any and all of the powers granted by this title to the town board of a town, except those set forth in section 1660 (subd [a], pars 1, 5, 9, 15, 20) may be delegated to any official, board or agency designated by it or by law. The Town Board of Ripley by resolution dated February 9, 1984, delegated its authority to post roads for weight limitations and granting exemptions therefrom to the Highway Superintendent, a town official. Finally, petitioners have not shown that they will suffer immediate and irreparable harm if the exemption from the weight limitation is not granted. The restrictions are only temporary in nature and will be lifted once the weather allows Johnson Road to dry and harden to sufficiently support petitioners’ logging trucks without causing substantial damage or impassability. Also, it is not enough that petitioners may not be able to meet their mortgage payments on the property unless they are allowed to haul their timber over Johnson Road, or that foreclosure proceedings may be instituted in this event, or that deponents might be forced into bankruptcy.
The petition is, therefore, dismissed, without costs.